# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

In the Matter of the Search of:

The cellular telephone assigned call number (414) 366-1623 (**Target Telephone**), and the location of Target Telephone, whose wireless service provider is Sprint.

Case No. 18-M-76

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property:

See Attachment A

over which the Court has jurisdiction pursuant to Title 18, United States Code, Sections 2703 and 2711, there is now concealed:

See Attachment B

The basis for the search under Fed. R. Crim P. 41(c) is:
- ☒ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☐ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to violations of: Title 21, United States Code, Sections 841(a)(1) and 846.

The application is based on these facts: See attached affidavit.

☒ Delayed notice of __30__ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
Applicant's signature

TFO Scott Marlock, DEA
Printed Name and Title

Sworn to before me and signed in my presence:

Date: May 17, 2018

_____
Judge's signature

City and State: Milwaukee, Wisconsin

Honorable David E. Jones, U.S. Magistrate Judge

## AFFIDAVIT IN SUPPORT OF APPLICATION FOR A SEARCH WARRANT

I, Scott Marlock, having been duly sworn on oath, states as follows:

### I. INTRODUCTION AND AGENT BACKGROUND

1. I am a Milwaukee Police Department (MPD) Detective and have been employed by MPD for the past 25 years. I am currently assigned to the Milwaukee Office of the United States Department of Justice, Drug Enforcement Administration (DEA) as a Task Force Agent. I have specialized training and experience in narcotics smuggling and distribution investigations. During my tenure with MPD and DEA, I have participated in over 500 narcotics investigations, and have authored over 100 affidavits supporting criminal complaints and search and seizure warrants. I have debriefed more than 100 defendants, informants, and witnesses who had personal knowledge regarding major narcotics trafficking organizations.

   a. I have utilized informants to provide information and evidence when investigating various criminal offenses. Through informant interviews, consensually recorded conversations, and extensive debriefings of individuals involved criminal activity, I have learned about the manner in which criminal individuals and organizations function in Wisconsin as well as in other areas of the United States;

   b. I have relied upon informants to purchase controlled substances, purchase firearms, and purchase other evidence;

   c. I have extensive experience with individuals who attempt to hide their illegal proceeds by the use of nominees to purchase assets, use of extensive cash purchases, use of cash payment of bills, use of safety deposit boxes, use of trusted associates to store bulk cash, and the use of legitimate businesses to report the illegal profits as legitimate business income.

   d. I am familiar with the language utilized over the telephone to discuss various criminal activities and know that the language is often limited, guarded and coded;

e. I know that individuals involved in drug trafficking and individuals involved in illegal activity often use electronic equipment, cellular and land line telephones, and the internet to conduct their criminal operations;

f. I know that criminals commonly have in their possession and at their residences and other locations where they exercise domain and control, business and financial records, cash, valuables, and records relating to assets;

g. It is common practice for individuals who are involved in business activities of any nature to maintain books and records of such business activities for lengthy periods of time. It is also common practice for individuals who maintain these records to keep them in places that are secure but easily accessible such as in their businesses, offices, or personal residence;

h. Likewise, it is common for businesses who engage in transactions with individuals involved in criminal activity to conceal the nature of the transactions through false records such as invoices, by maintaining false financial records, or placing the transaction in a nominee name. These businesses may need to keep these false records for inventory or bookkeeping reasons. However, these false records may be placed in a separate location such as a personal residence, safe, or safe deposit box for concealment; and

i. Individuals involved in money laundering utilize various methods to attempt to legitimize their profits, including, but not limited to: domestic and international banks and their attendant services, securities brokers, professionals such as attorneys and accountants, casinos, real estate, shell corporations and business fronts and otherwise legitimate businesses, which generate large quantities of currency.

2. This affidavit is based upon my personal knowledge, and upon information reported to me by other federal, state, and local law enforcement officers during the course of their official duties, all of whom I believe to be truthful and reliable. Throughout this affidavit, reference will be made to case agents. Case agents are those federal, state, and local law enforcement officers who have directly participated in this investigation, and with whom your affiant has had regular contact regarding this investigation. This affidavit is also based upon information gained from interviews with

2

cooperating citizen witnesses, informants, and defendants, whose reliability is established separately herein.

3. I am an "investigative or law enforcement officer" of the United States within the meaning of 18 U.S.C. § 2510(7), that is, an officer of the United States who is empowered by the law to conduct investigations of and to make arrests for the offenses enumerated in 18 U.S.C. § 2516.

4. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. §§ 2703(c)(1)(A) for information about the location of the cellular telephone assigned telephone number (414) 366-1623 and known to be used by and subscribed to Miguel Saldivar-Quezada with wireless service provided by Sprint (hereinafter referred to as "**Target Telephone**"). The **Target Telephone** is further described in Attachment A, and the location information to be seized is described herein and in Attachment B.

5. Because this affidavit is submitted for the limited purpose of securing authorization for the disclosure of the approximate position of the target telephone, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are essential to establish the necessary foundation for orders authorizing the disclosure of the approximate position of (414) 366-1623 (**Target Telephone**).

II. **PROBABLE CAUSE**

6. In May of 2018, a Confidential Source (hereinafter referred to as CS) informed case agents that he had received information from Miguel SALDIVAR-

3

QUEZADA regarding a potential multi-kilogram cocaine transaction. During multiple recorded telephone conversations and in-person meetings between the CS and SALDIVAR-QUEZADA, SALDIVAR-QUEZADA told the CS that a Milwaukee-based individual, who was subsequently identified as Leo L. LYONS, recently asked SALDIVAR-QUEZADA if SALDIVAR-QUEZADA has a source of supply capable of supplying ten to fifteen kilograms of cocaine. SALDIVAR-QUEZADA told the CS the individual (subsequently identified as LYONS) has approximately $400,000.00 cash that he plans on using for the purchase of the cocaine. SALDIVAR-QUEZADA also told the CS that he (SALDIVAR-QUEZADA) plans on driving to California over the weekend of May 19, 2018 with a friend to obtain the ten to fifteen kilograms of cocaine and that LYONS was going to fly to California. SALDIVAR-QUEZADA stated that they will be traveling to California in a vehicle supplied by his friend. SALDIVAR-QUEZADA told the CS that SALDIVAR-QUEZADA and his friend will deliver the money to the source in California and drive the cocaine purchased from the source back to Milwaukee, WI.

7. SALDIVAR-QUEZADA has contacted the CS from the number of (414) 366-1623 (**Target Telephone**) on several occasions, which have been monitored by case agents. Furthermore, case agents have identified a phone used by LYONS as 414-595-7588. LYONS has listed the number of 414-595-7588 as his cellular phone with the Milwaukee Police Department on at least two separate occasions while filing vehicle theft reports.

8. Case agents have conducted toll record analysis of the number of (414) 366-1623 (**Target Telephone**) and 414-595-7588 through subpoenaed telephone toll records.

4

Review of the toll records for (414) 366-1623 (**Target Telephone**) indicate that 414-595-7855 (Lyons) is the most frequently contacted number.

9. Case agents believe the CS 's information is credible and reliable for the following reasons. The CS has given case agents detailed and corroborated information concerning numerous individuals involved in drug trafficking, which case agents have independently verified. The CS while acting under the direction of case agents, has made at least one purchase of a controlled substance and at least two deliveries of money represented as drug proceeds in furtherance of a money laundering investigation. The CS has provided information to agents, which directly led to the arrests of numerous subjects and the seizure of controlled substances, firearms and U.S. Currency. The CS has provided information against the CS's penal interest in that the CS has admitted his/her involvement in drug trafficking activities in the past. The CS is cooperating with case agents for consideration regarding a deferred action immigration status. The CS has had an adequate opportunity to directly observe the events discussed and has heard conversations directly from the individuals discussed herein.

## III. CONCLUSION

10. Based on the information provided in this affidavit, I submit that there is probable cause to believe that Miguel SALDIVAR-QUEZADA and others have conspired and are conspiring to possess with the intent to distribute and to distribute cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and 846. Obtaining the location information for (414) 366-1623 (**Target Telephone**) will likely lead to evidence of these crimes, namely, the location of storage locations of contraband and drug proceeds

and assist in identifying the location of other drug distributors and sources of supply in this drug trafficking organization.

## ATTACHMENT A
### Property to Be Searched

1. The cellular telephone assigned call number (414) 366-1623 (**Target Telephone**), whose wireless service provider is Sprint.

2. Information about the location of the **Target Telephone** that is within the possession, custody, or control of Sprint, including information about the location of the cellular telephone if it is subsequently assigned a different call number.

2

Case 2:18-mj-00076-WED   Filed 05/17/18   Page 8 of 10   Document 2

## ATTACHMENT B
### Particular Things to be Seized

All information about the location of the Target Telephone described in Attachment A for a period of forty-five days from the date the warrant is signed, during all times of day and night. "Information about the location of the Target Telephone includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephone described in Attachment A.

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of, Sprint is required to disclose the Location Information to the government. In addition, Sprint must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with Sprint's services, including by initiating a signal to determine the location of the Target Telephone on Sprint's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate Sprint for reasonable expenses incurred in furnishing such facilities or assistance.

This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. See 18 U.S.C. § 3103a(b)(2)

4